UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EUGENE V. BOUTHNER, JR. *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CLEVELAND CONSTRUCTION, INC., *et al.*,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:   CASE NO.: 1:11-cv-00244-RDB<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS CHESAPEAKE FIRESTOP PRODUCTS, INC.
AND CLIFFORD B. SMITH'S OPPOSITION TO PLAINTIFFS' MOTION TO
ALLOW NOTICE TO SIMILARY SITUATED EMPLOYEES AND TO APPROVE
INTERROGATORY TO DEFENDANTS SEEKING THE IDENTIFY OF
SIMILARLY SITUATED EMPLOYEES**

Defendants, Chesapeake Firestop Products, Inc. ("Chesapeake") and Clifford B. Smith, (collectively "Defendants") by and through their counsel, Amir D. Gibbs and The Gibbs Law Firm, LLC, hereby submits this Opposition to Plaintiffs' Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees and support thereof states as follows:

**I.   INTRODUCTION**

On July 21, 2011, this Court dismissed all state law allegations and claims relating to work performed at the National Naval Medical Center located in Bethesda, Maryland pursuant to the Defendants' Motion to Partially Dismiss Plaintiffs' Second Amended Complaint ("Defendants' Motion") filed on February 28, 2011. In particular, the Court dismissed all claims founded upon alleged violations of state statutory law and common law purportedly arising out of, relating to and/or connected with work performed at the National Naval Medical Center in Bethesda, Maryland as such claims are barred by Article I, Section 8, clause 17 of the United States Constitution as developed through the Federal Enclave Doctrine and Plaintiffs' claims for minimum wages and overtime wages based upon a theory

THE GIBBS LAW FIRM, LLC
One Research Court
Suite 450
Rockville, MD 20850-6252
240.403.4071(t)   301.283.3740 (f)

of quantum meruit because it is preempted by the federal Fair Labor Standards Act, 29 U.S.C. §206, *et seq*.

Subsequent to Defendants' Motion but prior to the Court's ruling granting same, Plaintiffs filed a Motion to Allow Notice to Similarly Situated Employees of Defendants and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees ("Motion for Conditional Certification"). Defendants submit to the Court that the assortment of dubious facts and myriad legal theories which the Plaintiffs have cobbled together lack the necessary cohesiveness to maintain a FLSA collective action.

**A. Adoption and Incorporation by Reference of Cleveland Construction, Inc.'s Opposition to Plaintiffs' Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees**

Defendants, Chesapeake Firestop Products, Inc. and Clifford B. Smith hereby adopt and incorporate herein by reference Cleveland Constructions, Inc.'s ("CCI") Opposition to Plaintiffs' Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees ("CCI's Opposition") filed on August 1, 2011 (Document No. 72), supplemented by facts specifically applicable to Defendants. Defendants do not, however, adopt and incorporate, CCI's Opposition to the extent that any facts recited conflict with Defendants' Opposition. Rather, in the case of any conflicting facts, Defendants, rely upon the articulated in this Opposition.

**II. SUMMARY OF FACTS**

Plaintiffs, Eugene Bouthner ("Bouthner"), Jose Mancia ("Mancia"), and Paul Isom ("Isom), have brought this action pursuant to §216(b) of the FLSA and seek to act in a representative capacity on behalf of all alleged similarly situated employees of the Defendants on two separate construction sites, namely, John Hopkins Hospital in Baltimore,

Maryland ("John Hopkins site") and the National Naval Medical Center ("Walter Reed site"). *See* Second Amend Complaint. Bouthner, Mancia, and Isom have failed to established that they are similarly situated to employees of the Defendants on either site, which they hope to represent.

Bouthner offers scant facts relative to his work history with Defendant Chesapeake. Bouthner contends that he received a 1099 from Chesapeake, but does not assert that he worked for Chesapeake for any specified period of time. Declaration of Bouthner, ¶ 6-7. More importantly, however, Bouthner does not contend that he was entitled to any overtime wages from Chesapeake. *Id.*

Isom provides the Court with scarcely more facts than Bouthner regarding his working relationship with Chesapeake. *See* Declaration of Isom.  In support of Plaintiffs' Motion for Conditional Certification submitted a sworn declaration of facts. *Id.* Interestingly, Isom does not make a single reference to Chesapeake throughout the nine paragraph statement. *Id.* Rather, Isom provides a pay stub from Chesapeake in a relative small sum of money. Isom does not state with whether work for Chesapeake on the John Hopkins site or the Walter Reed site claim nor does he alleged entitlement to overtime wages from Chesapeake for work performed. Indeed, Isom does not reveal how long he worked for Chesapeake.

Completing the triumvirate, Mancia, consistent with his cohorts, furnishes little in the way of insight into his work involvement with Chesapeake. Mancia has attached to copies of payments made to him by Chesapeake, but like, Isom, before him, submits a declaration completely devoid of any reference to Chesapeake. *See* Declaration of Mancia. Mancia does not indicate how long he worked for Chesapeake or at which site(s). *Id.* Moreover, in the six paragraphs of his statement, not once does Mancia alleged that any overtime wages are due

and owing to him from Chesapeake. *Id.*

Even a cursory review of the limited facts alleged as to Chesapeake, reveal that there is no basis for a FLSA collective action. Specifically, none of the named Plaintiffs have alleged that Chesapeake has failed to pay them overtime wages for work performed on the John Hopkins site or the Walter Reed site. A few copies of pay stubs, representing limited work, are not sufficient evidence and simply cannot provide the basis for the aggregated claims the purpose of which is to promote judicial economy. In short, the evidence does not offer the basis for pervasive or systemic practices relating to misclassification of workers or the failure to pay overtime wages.

WHEREFORE, Defendants, Chesapeake Firestop Products, Inc. and Clifford B. Smith, respectfully requests that the Court enter an Order denying Plaintiffs Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees and for such other and further relief as the Court deems just, necessary and proper.

                                Respectfully submitted,

                                THE GIBBS LAW FIRM, LLC


BY:       /s/ Amir D. Gibbs /s/
      Amir D. Gibbs, Federal Bar No. 27989
      One Research Court
      Suite 450
      Rockville, Maryland 20850
      240.403.4071 telephone
      301.283.3740 facsimile
      agibbs@thegibbslawfirm.com
      Attorney for Defendants, Chesapeake
      Firestop Products, Inc. and Clifford B. Smith

**CERTIFICATE OF SERVICE**

I HEREBY certify that on this 5th day of August, 2011, a copy of the foregoing Defendants Chesapeake Firestop Products Inc. and Clifford B. Smith's Opposition to Plaintiffs Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees was served via the Court's CM/ECF system on:

| | |
|---|---|
| R. Scott Oswald<br>Nicholas Woodfield<br>THE EMPLOYMENT LAW GROUP, P.C.<br>888 17th Street, NW, Suite 900<br>Washington, DC 20006<br>*Counsel for Plaintiffs* | Sally Dworak-Fisher<br>Andrea J. Vaughn<br>PUBLIC JUSTICE CENTER<br>One North Charles Street, Suite 200<br>Baltimore, Maryland 21201<br>*Attorneys for Plaintiffs* |
| Jeffrey W. Larroca<br>Daniel A. Glass<br>Eckert Seamans Cherin and Mellott LLC<br>1717 Pennsylvania Ave, NW, 12th Fl.<br>Washington, DC 20006<br>*Counsel for FAS Consultants, LLC,*<br>*David R. Trent* | Steven Kaplan, Esq.<br>Joseph P. Harkins, Esq.<br>LITTLER MENDELSON, P.C.<br>1150 17th Street, NW, Suite 900<br>Washington, DC 20036<br>*Counsel for Defendant*<br>*Cleveland Construction Inc.* |
| Andrew N. Cook<br>Brian W. Stolarz<br>K&L Gates<br>1601 K Street, NW<br>Washington, DC 20006<br>*Counsel for ServiceMax, Inc.,*<br>*Kurt A. Boyd, and Margaret S. Boyd* | |

                                                  /s/ Amir D. Gibbs /s/
                                                  Amir D. Gibbs

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

_____
| | : |
|---|---|
| EUGENE V. BOUTHNER, JR. *et al.*, | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| v. | :   CASE NO.: 1:11-cv-00244-RDB |
| | : |
| CLEVELAND CONSTRUCTION, INC., *et al.*, | : |
| | : |
| **Defendants.** | : |
_____ : 

### ORDER

Upon consideration of Plaintiffs' Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees and Defendants Chesapeake Firestop Products, Inc. and Clifford B. Smith's Opposition thereto, it is this _____ day of _____, 2011.

**ORDERED** that the Plaintiffs' Motion to Allow Notice to Similarly Situated Employees and to Approve Interrogatory to Defendants Seeking the Identity of Similarly Situated Employees be and hereby is **DENIED.**

                                    **BY THE UNITED STATES DISTRICT COURT**
                                    **FOR THE DISTRICT OF MARYLAND**


                                    By: _____